# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 10/22/2019 05:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
Case 2:20-cv-03137-ODW-MRW   Document 1-2   Filed 04/03/20   Page 2 of 18   Page ID #:15
19STCV38079
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Dennis Landin

Zenja Tobias (SBN: 253522)
ZTobias@Tobiaslawgroup.com
Tobias Law Group
100 Oceangate, Suite 1100
Long Beach, CA 90802
Telephone No.: (562) 252-1422
Facsimile No.: (562) 252-1413

Attorneys for Plaintiff ALLAHYA SATTAAR EL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ALLAHYA SATTAAR EL, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GOLDEN STATE FC LLC, a Limited Liability Company, KELLI WHARTON, an individual, and DOES 1 through 50, inclusive, <br><br> Defendants. | **COMPLAINT FOR DAMAGES** <br><br> 19STCV38079 <br><br> 1. Failure to Engage Interactive Process; <br> 2. Discrimination based on Disability - Physical <br> 3. Failure to Accommodate a Disability; <br> 4. Negligent Hiring, Supervision and Retention; <br> 5. Failure to Prevent Discrimination; <br> 6. Business and Professions Code Section 17200 et al.; <br> 7. Failure to Pay Wages Due Upon Termination; Waiting Time Penalties <br> 8. Failure to Issue Accurate Itemized Wage Statements <br> 9. Failure to Pay Overtime Compensation <br> 10. Wrongful Termination <br> 11. Failure to Provide A Copy of Personnel Records Upon Request <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, ALLAHYA SATTAAR EL, hereby complains and alleges as follows:

///

- 1 -
COMPLAINT FOR DAMAGES

EXHIBIT A
Page 3

## PARTIES

1. Plaintiff, ALLAHYA SATTAAR EL, (hereinafter "SATTAAR EL" or "Plaintiff") is, and at all times herein mentioned was, a resident of the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and based thereon alleges that GOLDEN STATE FC, LLC is a limited liability company and a subsidiary of Amazon and during all relevant times herein was the employer of the Plaintiff and is doing business in the State of California. On information and belief, and based thereon, Plaintiff alleges that Defendant is conducting business in California and its' principal place of business is DLA8 – 2815 West El Segundo Blvd., Hawthorne, CA 90250.

3. Plaintiff is informed and believes, and based thereon alleges that, KELLI WHARTON (hereinafter "WHARTON") is an individual and during all relevant times herein was the human resource representative of the Plaintiff. At the time of the herein allegations, WHARTON worked in the greater Los Angeles Area, State of California.

4. Plaintiff is ignorant of the true names and/or capacities of those entities or individuals herein as DOES 1 through 50, inclusive, and therefore sues these defendants by their fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert their true names and/or capacities when the same are ascertained.

5. Unless otherwise specified herein, each DOE Defendant was the agent and employee of each Defendant, and in doing the things hereinafter mentioned, were at all times acting within the course and scope of that agency and employment.

6. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, Defendants and each of them, and/or their agents, employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.

7. Plaintiff is informed and believes, and based thereon alleges that, at all times relevant herein, defendants and/or their agents, employees or supervisors knew or reasonably should have known of the misconduct against Plaintiff SATTAAR EL and did not take action or appropriate corrective action. Thereby, the Defendants' misconduct or omissions thereof as

described herein were deemed ratified and condoned by each Defendant.

## JURISDICTION AND VENUE

8. Personal jurisdiction is satisfied because Defendants are incorporated and registered business owners in the County of Los Angeles, State of California. Subject-matter jurisdiction is satisfied based on general jurisdiction which means that a court has the ability to hear and decide a wide range of cases. Unless a law or constitutional provision denies them jurisdiction, courts of general jurisdiction can handle any kind of case. There is no law or constitutional provision that denies Plaintiff jurisdiction in this Court. Therefore, Jurisdiction is proper in County of Los Angeles, State of California.

9. Venue is proper in this Court because Defendants conduct business in the County of Los Angeles, State of California.

## ADMINISTRATIVE PREREQUISITE

10. At all times relevant, Defendants regularly employed five or more persons, bringing Defendants within the provisions of Government Code section 12900 *et seq.*, prohibiting employers or their agents from discriminating against or harassing its employees, or from allowing and fostering an environment where fellow employees could harass or discriminate against other employees with impunity.

11. Plaintiff has exhausted her administrative remedies by timely filing an administrative complaint with the California Department of Fair Employment and Housing (DFEH) and has received a Right-To-Sue Notice on October 22, 2018.

## FIRST CAUSE OF ACTION
### Failure to Engage In the Interactive Process
### In Violation of Government Code § 12940(n)
### (Against Defendants and DOES 1-50)

12. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

13. At all times herein mentioned, Government Code sections 12940(n) of the Fair Employment and Housing Act ("FEHA"), which requires an employee to engage in a good-faith

interactive process with employee to determine whether it would be possible to implement effective reasonable accommodations so that the employee can perform the essential job duties assigned.

14. "The point of the interactive process is to find reasonable accommodation for a disabled employee, or an employee regarded as disabled by the employer, in order to avoid the employee's termination. Therefore, a pretextual termination of a perceived-as-disabled employee's employment in lieu of providing reasonable accommodation or engaging in the interactive process does not provide an employer a reprieve from claims for failure to accommodate and failure to engage in the interactive process." *Moore v. Regents of University of California* (2016) 248 Cal.App.4th 216, 243–244.

15. Plaintiff was an employee of the Defendants. Plaintiff has a medical condition in which she advised her immediate supervisor Kim (unknown last name), her subsequent supervisor, Kumi Yiadom and human resource representative Kelli Wharton.

16. Defendants knew the Plaintiff had physical disabilities because Plaintiff provided written documentation from her licensed medical physician.

17. Plaintiff was willing to participate in an inactive process to determine whether a reasonable accommodation could be made. Plaintiff contacted WHARTON by email seeking to participate in GOLDEN STATE's "development plan" when employees fall below their "UPT bank." However, WHARTON responded in an email stating Plaintiff, "don't need to sign up for anything."

18. After direct knowledge of Plaintiff's disability and Plaintiff's to engage in an interactive process, Defendants refused to determine whether a reasonable accommodation could be made.

19. Defendants' refusal to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm which included, but not limited to, physical injuries, emotional stress, lost wages, lost future wages, and lost benefits.

20. Plaintiff requests general and special damages.

21. Plaintiff is entitled to her reasonable attorney's fees and expenses under the FEHA.

- 4 -
COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### Discrimination based on Disability (Physical) in Violation of FEHA

### (Against Defendants and DOES 1-50)

22. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

23. At all times herein mentioned, Government Code section 12940(a) was in full force and effect. This Section makes it unlawful for an employer in the State of California to discriminate against an employee the basis of a physical disability.

24. Disability discrimination under FEHA requires a showing of: (1) a disability, (2) plaintiff is a qualified individual, and (3) was subjected to an adverse employment action, e.g., termination of employment, because of the disability. *Brundage v. Hahn* (1997) 57 Cal.App.4th 228, 236. In addition, Plaintiff must show that the Defendant knew of her disability at the time of termination. See, *Avila v. Continental Airlines, Inc.* (2008) 165 Cal.App.4th 1237, 1248.

25. At all times herein mentioned, Defendant, by and through its agents and employees, subjected Plaintiff to disability discrimination by reason of the facts alleged herein.

26. Plaintiff had a physical disability and the Defendants were provided documented proof. However, Plaintiff was terminated due to her physical disability.

27. Plaintiff was a "qualified individual" because she could and did perform the essential duties of her position with or without accommodations.

28. As a proximate result of Defendants' discriminatory actions against Plaintiff, as alleged herein, Plaintiff has been harmed in that Plaintiff suffered loss of wages, benefits, loss of future earning capacity, all to her detriment in an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

29. As a further direct result of this discrimination under FEHA, Plaintiff has suffered and will continue to suffer, damages for humiliation, physical, emotional, mental distress and pain all to her detriment an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

30. Defendants' discriminatory actions against Plaintiff were done with malice,

oppression, and in reckless disregard of the Plaintiff's rights under FEHA. Specifically, Defendants willfully and with a conscious disregard for Plaintiff's right to work with accommodations. Therefore, Plaintiff will seek punitive damages in an amount according to proof. Plaintiff is entitled to her reasonable attorney's fees and costs under FEHA.

## THIRD CAUSE OF ACTION

### Failure To Provide Reasonable Accommodations violation under FEHA

### (Against Defendants and DOES 1-50)

31. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

32. At all times herein mentioned, Government Code section 12940(m) was in full force and effect. This Section makes it unlawful for an employer in the State of California to fail to make a reasonable accommodation for the known physical or mental disability of an employee absent "undue hardship." *Prilliman v. United Air Lines, Inc.* (1997) 53 Cal.App.4th 935, 947) "[T]he duty of an employer to provide reasonable accommodation for an employee with a disability is broader under the FEHA than under the ADA." *Bagatti v. Department of Rehabilitation*, 97 Cal.App.4th 344, 362. "While a claim of failure to accommodate is independent of a cause of action for failure to engage in an interactive dialogue, each necessarily implicates the other." (*Moore*, supra, 248 Cal.App.4th at p. 242.) "'Ordinarily the reasonableness of an accommodation is an issue for the jury.'" (*Prilliman*, supra, 53 Cal.App.4th at p. 954, internal citation omitted.)

33. At all times herein mentioned, Defendants were the employer of the Plaintiff SATTAAR EL, the employee.

34. Defendants, by and through their agents and employees, subjected Plaintiff to disability discrimination by the facts stated herein.

35. After Defendants learned of Plaintiff's need for a reasonable accommodation Defendants failed to meet with Plaintiff and fired her.

36. Plaintiff was able to perform the essential job duties with or without reasonable accommodation.

37. As a direct result of discrimination against Plaintiff by Defendants, Plaintiff

- 6 -
COMPLAINT FOR DAMAGES

sustained, and will continue to sustain, compensatory damages including, but not limited to, loss of income and lost future earning capacity in an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

38. As a further direct result of discrimination against Plaintiff by Defendants, Plaintiff has suffered, and will continue to suffer, damages for physical, emotional and mental distress, and for pain and suffering in an amount according to proof.

39. Plaintiff is entitled to reasonable attorney's fees and costs under FEHA.

## FOURTH CAUSE OF ACTION

### Negligent Hiring, Supervision and Retention

### Against Defendant GOLDEN STATE FC, LLC and DOES 1-50

40. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

41. "California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038, 1054. "Liability for negligent supervision and/or retention of an employee is one of direct liability for negligence, not vicarious liability." *Delfino v. Agilent Technologies, Inc.* (2006) 145 Cal.App.4th 790, 815.

42. At all times relevant herein Defendants employed Defendant WHARTON human resource representative and Kim (unknown last name) and Kumi Yiadom as Plaintiff's supervisors. These employees were unfit or incompetent to perform the work for which they were hired in that they disregarded and violated FEHA statues. Specifically, they willfully, intentionally, and purposefully failed to engage in a timely, good faith interactive process with Plaintiff and failed to provide accommodations at Plaintiff's request. Moreover, Defendants' employees terminated Plaintiff for seeking medical treatment and requiring physical disability accommodation.

43. Defendants had a duty to act as a reasonably prudently employer and adequately supervise its employees.

44. Defendants breached its aforementioned duty when it assigned Defendants'

employees aforementioned supervisors and ratified and condoned their actions and omissions. Defendants knew or should have known that these supervisors were unfit or incompetent and that their unfitness or incompetence created a particular risk to others. Specifically, Defendants refused to engage in interactive process, refused to accommodate her physical disability and terminated her employment. This is not an exhaustive list of acts and omissions committed by Defendants and ratified and condoned by Defendants.

45. Defendants' negligence in hiring, supervising, or retaining aforementioned supervisors was a substantial factor in causing Plaintiff's harm.

46. Defendants employees' unfitness or incompetence harmed Plaintiff in that Plaintiff sustained, and will continue to sustain, compensatory damages including, but not limited to, loss of income and lost future earning capacity, all to her detriment in an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

47. As a direct and proximate result of Defendants' breach, Plaintiff suffered compensatory damages to which Plaintiff is entitled to recover in an amount to be proven at trial.

48. As a further direct and proximate result of Defendants' breach, Plaintiff has sustained, and will continue to sustain for a period of time, physical, emotional and mental distress and pain and suffering all to Plaintiff's general damage in an amount according to proof.

### FIFTH CAUSE OF ACTION

**Failure To Prevent Discrimination**

**Against Defendants and DOES 1-50**

49. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

50. At all times herein mentioned, Gov't. Code section 12940 subdivision (k) was in full force and effect. This statute, in pertinent part, made it unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in the workplace in the State of California

51. "The employer's duty to prevent harassment and discrimination is affirmative and mandatory." *Northrop Grumman Corp. v. Workers' Comp. Appeals Bd.* (2002) 103 Cal.App.4th

1021, 1035.

52. "[T]he section 12940 claim ... the usual elements of a tort, enforceable by private plaintiffs, ...: Defendants' legal duty of care toward plaintiffs, breach of duty (a negligent act or omission), legal causation, and damages to the plaintiff." *Trujillo v. North County Transit Dist.* (1998) 63 Cal.App.4th 280, 286–287, internal citation omitted.

53. As stated above herein, Plaintiff was an employee of Defendants. Plaintiff was subjected to harassment and discrimination in the course of her employment. Defendants failed to take all reasonable steps to prevent the harassment and discrimination.

54. Further, at all times herein mentioned, Defendants had policies and procedures in place regarding discrimination and retaliation based on an employee's membership in a protected class. These policies and procedures provided that the Defendants will not retaliate against an employee for a disability and will not tolerate or permit retaliation by management, employees or co-workers.

55. Defendants, at all times herein mentioned, failed to follow their own policies and procedures. Defendants were fully aware of Plaintiff's physical disability. Yet, Defendants took no action to ensure that its' agents and/or employees did not discriminate against Plaintiff due to her physical disability.

56. Plaintiff is informed and believes, and thereon alleges, that the aforementioned conduct violated both Defendants' duty under the law and Defendants' own business policies to prevent discrimination in the workplace.

57. As a direct result of Defendants' failure to prevent discrimination in the workplace under FEHA, Plaintiff sustained, and will continue to sustain, compensatory damages including, but not limited to, loss of income and lost future earning capacity, all to her detriment in amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

58. As a further direct result of Defendants' failure to prevent discrimination in the workplace under FEHA, Plaintiff suffered, and will continue to suffer, damages for physical, emotional, and mental distress and for pain and suffering, all to her detriment, in an amount according to proof, but which are in excess of the jurisdictional minimum of this Court.

59. Plaintiff is entitled to her reasonable attorney's fees and costs under FEHA.

60. The conduct of Defendants in ratifying and approving the actions of their agents and employees who, among other things, unlawfully discriminated against Plaintiff based on a physical disability or medical condition. Defendants unlawfully failed to protect Plaintiff from the whims and caprice of her supervisors and human resource staff. These acts and conduct were intentional, malicious, and oppressive and were designed to and did injure Plaintiff in her health, strength, and activity. Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount according to proof.

## SIXTH CAUSE OF ACTION

**Unfair Business Practices**

**Against Defendant GOLDEN STATE FC, LLC and DOES 1-50**

61. Plaintiff re-alleges and incorporates herein those matters contained in all preceding paragraphs as if fully alleged herein.

62. At all times relevant herein, Defendants, as Plaintiff's employers, are subject to the California Unfair Trade Practices Act, Business and Professions Code sections 17200 et seq., which required them to abide by the Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission.

63. Business and Professions Code section 17200, also known as the Unfair Competition Law (hereinafter referred to as the "UCL"), prohibits unfair competition in the form of any unlawful, unfair or fraudulent business act or practice.

64. Business and Professions Code section 17204 allows any person acting for the interests of itself, its members, or the general public to prosecute a civil action for violations of the UCL.

65. During the Relevant Recruitment Period and the Relevant Employment Period, Defendant engaged in unlawful, deceptive, and unfair business practices prohibited by Business and Professions Code section 17200, including those set forth in the preceding and foregoing paragraphs of this Complaint, thereby depriving Plaintiff of the total compensation to which he was entitled, as described herein.

66. As a result of these actions, Plaintiff, on information and belief, allege that Defendants are able to unfairly compete with other comparable companies in the State of California in violation of Business and Professions Code sections 17000 et seq. and sections 17200 et seq. Due to these unlawful, unfair, and/or fraudulent business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California. Plaintiff's success in this action will enforce important rights affecting the public interest and public policy. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself.

67. Plaintiff seeks full restitution from Defendants, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair practices complained of herein.

68. As a direct and proximate result of Defendants' violations, Plaintiff's rights under the law were violated because Plaintiff suffered monetary loss. Plaintiff seeks restitution in the form of unpaid salary and reimbursements, as well as special and general damages, together with injunctive relief to prohibit Defendants from violating the regulations alleged in this Complaint, as well as any and all other available remedies. Plaintiffs further seek attorney's fees and costs pursuant to California Civil Code section 1021.5.

69. Defendant's violations of California's laws regarding maintaining records constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

70. Defendant's violation of California's laws regarding unlawful deductions constitute a business practice because they were committed repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiff.

71. Defendant's violation of California's laws regarding

### SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS

### Against Defendant GOLDEN STATE FC, LLC and DOES 1-50

72. Plaintiff re-alleges and incorporates by reference those matters contained in the

above paragraphs as though fully set forth herein.

73. Pursuant to California Labor Code section 221, Defendant is prohibited from deducting from employee wages those sums paid toward the performance of job-related duties. In violation of Labor Code and other provisions of law, Defendant improperly deducted a portion of wages from Plaintiff under the guise of UPT program in which one hour is deducted from the Plaintiff if Plaintiff is late one or more minutes. Plaintiff seeks payment of such sums deducted in violation of California law.

74. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at the time of trial but in an amount that exceeds the minimum jurisdiction of this Court coupled with other violations stated herein.

75. Defendants' pattern and practice of wage deductions as described herein is unlawful and creates and entitlement pursuant to Labor Code section 221. Plaintiff is entitled to recover from Defendant the full amount of the expenses incurred in the course of the job duties, plus interest, reasonable attorneys' fees and costs of suit.

### EIGHTH CAUSE OF ACTION
### FAILURE TO PAY WAGES DUE UPON TERMINATION;
### WAITING TIME PENALTIES
**Against Defendant GOLDEN STATE FC, LLC and DOES 1-50**

76. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

77. California Labor Code Sections 201 and 202 require Defendant to pay all compensation due and owing to former employees at or around the time their employment is terminated.

78. California Labor Code Section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) workdays.

///

79. Defendant willfully failed to pay Plaintiff all wages and failed to pay overtime wages (as detailed above), and failed to pay all wages to Plaintiff, (whose no longer employed by Defendant), for all wages due at the time of separation as required by California Labor Code sections 201 and 202.

80. Defendants' failure to pay all wages owed was willful and intentional and Plaintiff is entitled to penalties under Labor Code section 203, 30 days of wages as a penalty, calculated by Plaintiff's daily rate times 30 days, plus attorneys' fees.

## NINTH CAUSE OF ACTION

## FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS

### Against Defendant GOLDEN STATE FC, LLC and DOES 1-50

81. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

82. California Labor Code sections 226(a) requires that employers, when paying their non-exempt employees' wages, include an "itemized statement in writing showing" the "total hours worked by the employee," and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

83. Defendant implemented an employment practice whereby it failed to provide Plaintiff with accurate wage statements and records, including but not limited to pay stubs recording all hours worked, paychecks representing all wages earned, wage statements or itemized stubs showing hourly wage as well an any employment deductions for all hours worked.

84. Defendant willfully and intentionally violated California Labor Code section 226(a) by failing to show accurate total hours worked, failing to show the applicable overtime rates paid or owed, failing to record overtime hours worked, and failing to pay overtime rates and intentionally not paying or under paying wages.

85. As a result of Defendant's violation of Labor section 226, Plaintiff is entitled to recover $50.00 for each period in which there is an initial violation of section 226 and $100.00 for each subsequent pay period in which there is a further violation.

86. Plaintiff seeks injunctive relief under Labor Code section 226 in the form of an order from the Court to properly state the wages earned, the proper hours worked and the proper overtime paid – and to furnish accurate wage statement to Plaintiff as well as other similarly situated employees of Defendant.

87. Plaintiff alleges a maximum of $4,000.00 as non-taxed penalties and restitution plus cost and attorneys' fees for pay period in which Defendant failed to comply with Labor Code section 226 and for up to one year from the date of filing this action.

## TENTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

### Against Defendant GOLDEN STATE FC, LLC and DOES 1-50

88. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

89. Pursuant to California aw, for the four years preceding this action Defendant was required to compensate Plaintiff for all overtime which is calculated at:

   a. One and one-half (11/2) times the hourly rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight hours worked on the seventh (7th) consecutive day of work in a workweek, and

   b. Two (2) times the rate of pay for all hours worked in excess of twelve (12) hours per day, and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

90. Plaintiff was a non-exempt employee entitled to the protections of the Industrial Welfare Commission Orders mentioned herein, California Code of Regulations, Title 8, section 11010.

91. During the course of Plaintiff's employment, Defendant failed to compensate Plaintiff for all hours worked in excess of eight (8) hours per day and forth (40) hours per week and for the first eight (8) hours per day and forty (40) hours per week and for the first (8) hours worked on the seventh (7th) consecutive day of work in a workweek. Moreover, Defendants

failed to compensate plaintiff for double-time hours worked in excess of 12 hours per day as required under the aforementioned statutes and regulations.

92. Defendant willfully refused and continue to refuse to pay Plaintiff overtime in a time manner as required. Plaintiff requests restitution and penalties as proved by California Labor Code section 203.28. Defendant's conduct described herein violates California labor Code sections 512, 515.5, 518, 1194 and 1198. Therefore, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties plus reasonable attorneys' fees.

93. As a direct and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial.

## ELEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION
### Against Defendant GOLDEN STATE FC, LLC and DOES 1-50

94. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

95. "'[W]hile an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy. Any other conclusion would sanction lawlessness, which courts by their very nature are bound to oppose.'" *Casella v. SouthWest Dealer Services, Inc.* (2007) 157 Cal.App.4th 1127, 1138–1139.

96. "The elements of a claim for wrongful discharge in violation of public policy are (1) an employer-employee relationship, (2) the employer terminated the plaintiff's employment, (3) the termination was substantially motivated by a violation of public policy, and (4) the discharge caused the plaintiff harm." *Yau v. Allen* (2014) 229 Cal.App.4th 144, 154.

97. "[T]ermination of an employee most clearly violates public policy when it contravenes the provision of a statute forbidding termination for a specified reason." *Diego v. Pilgrim United Church of Christ* (2014) 231 Cal.App.4th 913, 926.

///

98. As noted above, Plaintiff was Defendants' employee, Defendants' terminated Plaintiff's employment and Defendants' termination of Plaintiff caused Plaintiff harm.

99. The Defendants' termination of Plaintiff's employment was clearly in retaliation for Plaintiff seeking accommodations and medical treatment for her physical disability, an activity protected by California law. Consequently, this termination was wrongful under FEHA and violated the public policy of the State of California.

100. As a direct and proximate result of this wrongful termination in violation of public policy under FEHA, Plaintiff suffered, and continues to suffer, humiliation, embarrassment, emotional distress, physical anguish, and mental anguish, all to her damages in an amount according to proof at the time of trial.

101. As a further direct and proximate result of the aforementioned conduct, Plaintiff has suffered and continues to suffer losses in earnings, employment benefits, earning capacity, and opportunities for employment advancement, all to her damages in an amount according to proof at the time of trial.

102. The conduct of Defendants injured Plaintiff in her health, strength, and activity. Therefore, Plaintiff is entitled to an award of punitive damages, her reasonable attorney's fees and expenses under the FEHA, in an amount according to proof.

## TWELFTH CAUSE OF ACTION

## FAILURE TO PROVIDE COPY OF PERSONNEL RECORDS UPON REQUEST

### Against Defendant GOLDEN STATE FC, LLC and DOES 1-50

103. Plaintiff re-alleges and incorporates by reference those matters contained in the above paragraphs as though fully set forth herein.

104. California Labor Code section 1198.5 provides that employees and former employees have the right to receive a copy of their personnel file or be permitted to inspect said file. Further, California Labor Code section 1198.5 requires the employer to comply within 30 calendar days from the date the employer receives employee's written request.

105. California Labor Code section 1198.5 provides for a penalty against the employer for non-compliance. An employer who fails to permit a current or former employee to

timely inspect or obtain a copy of personnel records are subject to a $750.00 penalty recoverable by the Labor Commissioner or the aggrieved employee.

106. Plaintiff requested in writing a copy of her Personnel Records before the commencement of this herein action on February 21, 2019. To date, Defendant has not provided Plaintiff's personnel records. Since more than 30 days has lapsed, Defendant is in violation of said labor code and owes Plaintiff $750.00 and attorneys' fees to bring this action to enforce the statute.

**WHEREFORE, Plaintiff prays for the following relief:**

1. For compensatory damages in an amount according to proof;
2. For general damages in an amount according to proof;
3. For attorney's fees and expenses under the FEHA and applicable Labor Codes;
4. For punitive damages in an amount according to proof;
5. For prejudgment interest, according to proof;
6. For costs of the suit herein incurred;
7. For civil penalty of 750.00 for non-compliance of Labor Code §1198.5 and
8. For such other and further relief as this court may deem proper and just.

Dated: October 21, 2019

Zenja Tobias, Esq.
Attorney for Plaintiff, ALLAHYA SATTAAR EL

- 17 -
COMPLAINT FOR DAMAGES

EXHIBIT A
Page 19